FILED

11/28/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0455

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0455

TIFFANY HOUSE,

Plaintiff and Appellee,

v.

DAVID E. ORR,

Defendant and Appellant,

CONRAD COGGESHALL, ET AL.

Defendants.

FILED

NOV 2 8 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

ORIGINAL

Through counsel, Appellee Tiffany House (House) moves this Court for dismissal of this appeal. After House's pleading was sent to this Court, self-represented Appellant David E. Orr (Orr) submitted a pleading via facsimile transmission, titled Motion for Extension of Time.

The Montana Rules of Appellate Procedure offer that a final judgment "conclusively determines the rights of the parties and settles all claims in controversy in action or proceeding, including any necessary determination of the amount of costs and attorney fees or sanction imposed." M. R. App. P. 4(1)(a).

House contends that Orr's appeal of this quiet title action is untimely. While the Lincoln County District Court entered an order granting House's motion for summary judgment against Orr because Orr failed to answer discovery requests as well as requests for admissions, House explains that the court did not have the opportunity to enter a final judgment against Conrad Coggeshall and the other unnamed defendants. House states that, on August 23, 2023, the Clerk of District Court entered default against Coggeshall and the

other unnamed defendants who failed to appear. House further states that the court has not entered a default judgment or final judgment, resolving the matter. House puts forth that Orr has neither requested certification of an interlocutory decision, pursuant to M. R. Civ. P. 54(b).

In his pleading, Orr asks for more time to complete his opening brief and to "accept [his] Response & Objection to Motion." Orr states that while he was working on his brief, he received a copy of the motion to dismiss. He puts forth that he tried to work on both matters and then his computer system crashed. Orr provides that he has seventeen days to respond to the motion, or by November 20, 2023.

Orr is mistaken. Pursuant to M. R. App. P. 16(2), a party has eleven days to file a response in opposition to a motion in this Court. This Court appointed a mediator in this matter on September 21, 2023, and received the District Court record on October 16, 2023. Orr had until November 15, 2023, to file his opening brief or to move for an extension of time to do so.

More importantly, as House explains, Orr does not appeal a final judgment, entered against all parties. M. R. App. P. 4(5)(a)(i). *See also* M. R. App. P. 6(5)(a). Orr includes a copy of the August 22, 2023 minute entry for a pretrial conference with House's counsel and Orr present. The District Court vacated all future hearing dates upon notice of Orr's appeal. We conclude that Orr's appeal is premature. Orr may seek an appeal when the District Court enters its final judgment.

Therefore,

IT IS ORDERED that:

1. House's Motion to Dismiss is GRANTED and that his appeal is DISMISSED without prejudice;

2. this matter is REMANDED to the Lincoln County District Court;

3. Orr's Motion for Extension of Time is DENIED, as moot; and

4. this matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record; to the appointed mediator, Shelly F. Brander; and to David E. Orr personally.

DATED this 28 day of November, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices